## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN A FEDERAL CUSTODY

**United States District Court**  District

Name (under which you were convicted): JARED BRUTON    Docket or Case No.: 1:01CR263-1

Place of Confinement: FCI MCDOWELL    Prisoner No.: 22160-057

UNITED STATES OF AMERICA    V. Movant (include name under which convicted)

FILED
JUN 24 2014
IN THIS OFFICE
Clerk U.S. District Court
Greensboro, NC
By _____

JARED BRUTON

MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
UNITED STATES DISTRICT COURT,MIDDLE DISTRICT OF NORTH CAROLINA

   (b) Criminal docket or case number (if you know): 1:01CR263-1

2. (a) Date of the judgment of conviction (if you know): MARCH 18,2005
   (b) Date of sentencing: MARCH 18,2005

3. Length of sentence: 360 months

4. Nature of crime (all counts): CONSPIRACY TO DISTRIBUTE BOTH CRACK COCAI-NE AND COCAINE HYDROCHLORIDE-COUNT ONE; COUNT FOUR- POSSESSION OF A FIREARM IN FURTHERANCE OF COUNT ONE

5. (a) What was your plea? (Check One)
   (1) Not Guilty ☐    (2) Guilty ☒    (3) Nolo contendere (not contest) ☐

   (b) If you entered a guilty plea to one court or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?
   N/A

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge Only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☒    No ☐

8. Did you appeal from the judgment of conviction?    Yes ☒    No ☐

9. If you did appeal, answer the following:
   (a) Name of court: FOURTH CIRCUIT COURT OF APPEALS
   (b) Docket or case number (if you know): 172 Fed. Appx. 511(2006)
   (c) Result: AFFIRMED
   (d) Date of result (if you know): N/A
   (e) Citation to the case (if you know): UNITED STATES V. BRUTON,172 Fed.Appx.511
   (f) Grounds Raised: N/A

_____
_____
_____
_____
_____
_____
_____

(g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☒☒    No ☐

If "Yes," answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(5) Grounds raised: _____

_____
_____
_____
_____
_____

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

    Yes ☒☒    No ☐

11.  If you answer to Questions 10 was "Yes," give the following information:

    (a)  (1) Name of court: UNITED STATES DISTRICT COURT MIDD.DIST.N.C.

         (2) Docket or case number (if you know): N/A

         (3) Date of filing (if you know): N/A

         (4) Nature of the proceeding: TITLE 28 U.S.C. §2255

         (5) Grounds raised: CAREER OFFENDER ENHANCEMENT ERRONEOUS

    _____
    _____
    _____
    _____
    _____
    _____

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☒☒    No ☐

    (7) Result: _____

    (8) Date of result (if you know): _____

    (b)  If you filed any second motion, petition, or application, give the same information:

         (1) Name of court: _____

         (2) Docket or case number (if you know): _____

         (3) Date of filing (if you know): _____

         (4) Nature of the proceeding: _____

         (5) Grounds raised: _____

    _____
    _____
    _____

_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes [ ]   No [ ]

(7) Result: _____

(8) Date of result: _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:   Yes [ ]   No [ ]

(2) Second petition:   Yes [ ]   No [ ]

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

_____
_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:** PETITIONER NO LONGER GUILTY OF THE CAREER OFFENDER ENHANCEMENT IN LIGHT OF DESCAMPS V. UNITED STATES

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner avers that he is no longer a career offender in light of a Supreme Court Ruling(recently decided).

SEE:ATTACHED MEMORANDUM (HERETO)

_____
_____
_____
_____
_____
_____
_____

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   Yes [XX]   No [ ]

(2) If you did not raise this issue in your direct appeal, explain why:

SEE:MEMORANDUM ATTACHED HERETO

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes [ ]   No [XX]

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion order, if available): _____

_____

| | | | |
|---|---|---|---|
| (3) Did you receive a hearing on your motion, petition, or application? | Yes ☐ | No ☐ |
| (4) Did you appeal from the denial of your motion, petition, or application? | Yes ☐ | No ☐ |
| (5) If you answer to Question (c)(4) is "Yes," did you raise the issue in the appeal? | Yes ☐ | No ☐ |

(6) If you answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court' opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:

_____

_____

_____

_____

_____

**GROUND TWO:** _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      Yes ☐      No ☐

(2) If you did not raise this issue in your direct appeal, explain why?

_____

(c)  **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?      Yes ☐      No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

| | | | |
|---|---|---|---|
| (3) Did you receive a hearing on your motion, petition, application? | Yes | | No |
| (4) Did you appeal from the denial of you motion, petition, or application? | Yes | | No |
| (5) If you answer to Question (c)(4) is "Yes," did you raise this issue in the appeal? | Yes | | No |

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:

_____
_____
_____
_____


**GROUND THREE:**

_____

(a)    Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(b)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    Yes [ ]    No [ ]

(2) If you did not raise this issue in your direct appeal, explain why:

_____

(c)    **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?    Yes [ ]    No [ ]

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?  Yes ☐  No ☐
(4) Did you appeal from the denial of your motion, petition, or application?  Yes ☐  No ☐
(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?  Yes ☐  No ☐
(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

_____
Docket or case number (if you know): _____
Date of court's decision: _____
Result (attach a copy of the court's opinion or order, if available):

_____
(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:

_____
_____
_____
_____

**GROUND FOUR:** _____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(b)  **Direct Appeal of Ground Four:**
(1) If you appealed from the judgment of conviction, did you raise this issue?  Yes ☐  No ☐
(2) If you did not raise this issue in your direct appeal, explain why:

_____

(c)  **Post-Conviction Proceedings:**
(1) Did you raise this issue in any post-conviction motion, petition, or application?  Yes ☐  No ☐

(2) If you answer to Question (c)(1) is "Yes," state:
Type of motion or petition: _____
Name and location of the court where the motion or petition was filed:

_____
Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available):

_____

| | | Yes | No |
|---|---|---|---|
| (3) Did you receive a hearing on your motion, petition, or application? | | | |
| (4) Did you appeal from the denial of your motion, petition, or application? | | | |
| (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal? | | | |

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

GROUND IS INITIAL HEREIN
GROUND UNAVAILABLE PREVIOUSLY

14. Do you have any motion, petition, or appeal <u>not pending</u> (filed and not decided yet) in any court for the judgment you are challenging?
Yes ☐  No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:
(a) At the preliminary hearing: DAVID B. SMITH,ESQUIRE,400 WEST MARKET ST. SUITE 508,GREENSBORO,N.C. 27401
(b) At the arraignment and plea: "'"'"

(c) At the trial: N/A

(d) At sentencing: "'"'"

(e) On appeal: "'"'"

(f) In any post-conviction proceeding:    N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:
     N/A

16.    Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ☒    No ☐

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ☐    No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?      Yes ☐    No ☐

18.    TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

PETITIONER POSITIONS THAT THIS MOTION IS TIMELY FILED WITHIN A ONE-YEARS PERIOD OF THE JUNE 20,2013 ruling in Descamps v. UNITED STATES AND IS TIMELY FILED.

*The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -

(1) the date of which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: VACATE SENTENCE FOR CORRECTION IN LIGHT OF DESCAMPS; APPOINT COUNSEL TO REPRESENT CLAIMS

or any other relief to which movant may be entitled.

_Pro Se_
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on  6-19-2014
(month, date, year)

Executed (signed) on  6-18-2014          (date)

_Jared Brixton_
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

N/A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JARED BRUTON,                    §   CRIMINAL ACTION NO.
          Petitioner,            §   1:01CR263-1
                                 §
v.                               §   CIVIL ACTION NO.
                                 §   1:12CV261
UNITED STATES OF AMERICA,        §
          Respondent.            §

## PRO SE MEMORANDUM OF LAW AND ARGUMENTS IN SUPPORT OF A MOTION TO VACATE, SET-ASIDE OR CORRECT CONVICTION OR SENTENCE PURSUANT TO TITLE 28 U.S.C. §2255

**COMES NOW,** Petitioner Bruton, appearing in pro se capacity and seeking the less stringent review as noted in **Haines v. Kerner**, 404 U.S. 519(1973) and moves this Honorable Court to Vacate, Set-Aside, or Correct Conviction or Sentence Pursuant to Title 28 U.S.C. §2255 for all of the reasons stated herein.

### PRIOR PROCEEDINGS

On May 25,2004, Jared Bruton was charged in a multi-count superceding Indictment by the Grand Jury. Superceding Indictment charging that Count One charged a conspiracy to distribute both crack cocaine and cocaine hydrochloride, in violation of 21 U.S.C. §841(b)(1)(A). Count Four charged possession of a firearm in furtherance of Count One, in violation of 18 U.S.C. §924(c)(1)(C)(i). Id.

The Government filed a §851 Information of a prior drug conviction. §851(a)(1). On July 26,2004, Bruton proceeded to trial before the Honorable William L. Olsteen,Sr. United States District Court Judge. On March 18,2005, the matter came for sentencing before Judge Olsteen. Judge Olsteen sentenced Bruton to 360

-1-

Case 1:01-cr-00263-NCT   Document 213   Filed 06/24/14   Page 10 of 18

months of imprisonment on Count One, and 60 months consecutive on Count Four. Bruton appealed, and on March 8,2006, the Court of Appeals affirmed. United States v. Bruton,172 Fed. Appx. 511 (2006).

WITHIN THE FOLLOWING GROUNDS JARED BRUTON WILL
DEMONSTRATE THAT HE IS ENTITLED TO TITLE 28 U.S.C.
§2255 HABEAS RELIEF.

**1.) - GROUND ONE**: PETITIONER IS NO LONGER GUILTY OF THE CAREER
CAREER OFFENDER GUIDELINE ENHANCEMENT IN LIGHT
OF DESCAMPS V. UNITED STATES

Petitioner avers herein that he is no longer guilty of the career offender Guideline Sentence in light of **Descamps v. United States**, 570 US___,133 S.Ct.___,186 L Ed 2d 438,2013 US LEXIS 4698 (2013). Petitioner positions that a August 27,1991, Stanly County Conviction for misdemenor assault inflicting serious injury, a violation of N.C. Gen. Stat. §14-33(B)(1), is no longer applicable for the career offender guideline enhancement. Petitioner argues that assault inflicting serious injury has been codified, but the elements of the crime have not. See **State v. Roberts**, 270 N.C. 655,658,155 S.E.2d 303(1967)("There is no statutory definition of assault in North Carolina, and the crime of assault is governed by common law rules.[N.C.]G.S. §14-33 does not create a new offense as to assaults on a female, but only provides for different punishments for various types of assault."). The statute sets forth four methods of committing the offense: Inflicts,or attempts to inflict, serious injury upon another person or uses a deadly weapon. This court should examine each

-2-

in turn. Petitioner's position here is that in the eastern dist-
rict of North Carolina, at least one court has dismissed an
indictment based upon the reasons as averred by Petitioner  in
this pro se habeas motion. In **United States v. Rodney Marshall**
**Vinson**, 2013 U.S. Dist. LEXIS 180680, No.5:13-CR-121-FL(2013),
a motion to dismiss an indictment was filed in the district court
for the eastern district of North Carolina. where the defendant
was indicted for a violation under 18 U.S.C. §922(g)(9) and 924,
which proscribed possession in or affecting commerce, any fire-
arm or ammunition, by a person convicted in any court of a
"misdemenor crime of domestic violence." The indictment states
as a predicate offense that defendant was convicted in state
court in 2004 of assault on a female,in violation of N.C. Gen.
Stat. §14-33(c)(2)("state conviction").

Petitioner's position here is that the motion to dismiss the
indictment was granted in lihght of the High Court's recent rule
in **Descamps**. The motion to dismiss the indictment was filed in
the court for "failure to state an offense".  The defendant in
Vinson argued that his state conviction cannot serve as  predic-
ate misdemenor crime of domestic violence for purposes of 18
U.S.C. §922(g)(9), citing Descamps,133 S.Ct. 2276,186 L.Ed. 2d
438, as support. Arraignment was continued pending resolution of
that motion. The argued position here is that the states stat-
ute 14-33, when viewed under the categorical approach, is not
the crime of violence as defined under §4B1.2(a). Where the
government may position that the modified categorical approach

-3-

should apply, Petitioner  positions that the modified categori-
cal approach is inapplicable in this case where the Fourth Circ-
uit recently has confirmed that "alternative means" of committ-
iong a crime do not constitute alternative elements to justify
application of the modified categorical approach. **Hemingway,**
734 F.3d at 334; **Descamps,**133 S.Ct. at 2285 n.2. Absent alternat-
ive elements for commission of the offense, the modified catego-
rical approach is inapplicable. Petitioner contends that the
North Carolina statute is not divisible,because, as the statute
reads: "Inflicts",or "attempts to inflict", "serious injury" upon
another person or "uses a deadly weapon" are alternative "means"
of committing the crime of assault inflicting serious injury.

**United States v. Royal,**731 F.3d at 340-42, is instructive by com-
parison. There the Fourth Circuit examined a Maryland assault
statute to determine if it was divisible. Id. The Court observed
that the relevant statute was "facially indivisible", where it
"provide[d] simply that a person may not commit an assault[,]"
and '''[a]ssault' encompasses the crimes of assault,battery,and
assault and battery..."Id. at 340 n.1(citation and internal quo-
tation marks omitted). In addition, the Court observed that "[t]o
convict a defendant of an assault of the battery variety under
Maryland law, the state must prove that (1)the defendant caused
offensive physical contact with, or harm to, the victim...Id.
at 341. Accordingly, the Court determined that "offensive physi-
cal contact" and "physical harm" are not alternative elements of
the offense where a jury only has to agree "that one of the two

-4-

occurred, without setting on which." Id."Rather than alternat-
ive elements, then, 'offensive physical contact' and 'physical
harm' are merely alternative means of satisfying a single ele-
ment of the Maryland offense." Id. As a result, the modified cat-
egorical approach had "no role to play." Id. (quoting Descamps,
133 S.Ct. at 2285.). Petitioner positions that the "or uses a
deadly weapon" fits a totally different N.C. Gen. Stat. for a
felony assault with a deadly weapon inflicting serious injury.
N.C. Gen. Stat. §14-32(b). With that statute, the state must
show: (1) an assault;(2)with a deadly weapon;(3)inflicting seri-
ous injury;(4)not resulting in death. See State v. Aythche, 98
NC App. 358,366,391 S.E. 2d 43,47(1990). Petitioner's position
that the use of a deadly weapon element is an alternative means
to the simple assault statute as provided under §14-33(b)(1);
Therefore, Petitioner's case fits the Fourth Circuit's rulings
in Royal and Hemingway when read in light of Descamps and Peti-
tioner positions in furtherance, that even under a general
divisible statute, as argued here, would be a misapplication of
the modified categorical approach in this case where neither of
the hypothetical alternative elements -that is,assault and assa-
ult with a deadly weapon -is categorically a predicate offense.
See: United States v. Cabrera-Umanzor,728 F.3d 347, 352(4th Cir.
2013)("General divisibility, however,is not enough;a statute is
divisible for purposes of applying the modified categorical app-
roach only if at least one of the categories into which the stat-
ute may be divided constitutes,by its elements, a[predicate

-5-

offense]."). See also Descamps,133 S.Ct. at 2285. Because the crime of simple assault is comprised of indivisible elements and neither of the hypothetical alternative elements at issue constitutes a predicate offense for the career offender guideline enhancement. The charging documents in this case does not describe an assault with a deadly weapon. Simple assault under N.C. Gen. Stat. §14-33(b)(1), a misdemenor, under Fourth Circuit prior precedents and determination is inapplicable to the instant context because "crime of violence" is defined more broadly than "misdemenor crime of assault with inflicting serious injury". In particular, a prior conviction that has as an element the threatened use of physical force against another person does not constitute a misdemenor crime of assault under the sentencing guidelines as defined by 4B1.2(a).

Petitioner positions that **Descamps** is relevant here as being applied to Petitioner's case, because §4B1.2(a) required the sentencing judge to determine whether the simple assault conviction was a crime of violence. Just as the sentencing judge in **Descamps** was required to determine if the defendant in Descamps have the predicate offense for the application of the Armed Career Criminal Act Statutory enhancement. (ACCA)(18 U.S.C. §924(e))(§4B1.4).

For all of the reasons stated above Jared Bruton should be granted §2255 habeas relief.

-6-

## I. RETROACTIVITY

Petitioner positions that **Descamps** is retroactive to his case where the ruling in the High Court's recent case was decided in light of **Johnson v. United States**, 559 U.S. 133, 130 S.Ct. 1265, 176 L.Ed. 2d 1(2010), an old rule of Supreme Court ruling. Therefore, the **Teague** analysis does not apply in this case and **Descamps** is pertinent to Petitioner's case. The rule in **Descamps** is retroactively applicable to Petitioner's case on collateral review.

## II. TIMELINESS

Petitioner positions that his motion is timely in light of **Descamps** where Descamps was decided on June 20, 2013. Petitioner files this motion within the one-year **of the High Court ruling** and the claims are on all fours with the ruling in **Descamps** and, as Petitioner suggests, he may be "no longer guilty" of the career offender Guideline Enhancement. See **Mcquiggin v. Perkins**, ____U.S.____, 133 S.Ct. 1924, 1927, 185 L.Ed. 2d 1019(2013).

even assuming, however, that the limitations period commensed when Petitioner's conviction became final, equitable tolling might apply. the motion could not be dismiseed as untimely without first giving Petitioner an opportunity to respond, **Herbst v. Cook**, 260 F.3d 1039, 1043-44(9th Cir. 2001), and the surest way to decide wheteher Petitioner's motion is timely is to appoint counsel and set a hearing. Alternatively, it should be assumed

-7-

that, without deciding, that petitioner's motion is timely filed.

## III. SECOND OR SUCCESSIVE MOTION

Petitioner    adresses a second or successive motion under §2255
in case the court or the  government  positions that Petitioner
has previously filed a motion under §2255(which is the case here)
but Petitioner does contest the fact that this motion is not to
be   considered a successive filed motion under §2255. Petitioner
positions that this motion is not a successive motion where the
claim that is presented herein was unripe for any previous
submission to this court for a ruling. **Panetti v. Quaterman,**
551 U.S. 930, 944,127 S.Ct. 2842,168 L.Ed. 2d 662(2007). Instead,
only claims that could have been raised in an earlier habeas cor-
pus petition are barred. Accordingly, "where the subsequent
section 2255 motion asserts a claim that was not ripe at the time
of the prior section 2255 motion, the subsequent section 2255
is not Second or Successive  under the AEDPA. **Scott v. United
States,** 761 F. Supp. 2d 320,325(E.D.N.C. 2011) ; See**Panetti**,
551 U.S. at 947("We are hesitant to construe [the] statute... in
amanner that would require unripe claims to be raised as a mere
formality, to the benefit of no party").

Here, Petitioner's current §2255 motion is not 'second or
successive' because the claim on which it is based could not
have been brought at the time Petitioner filed his perevious
motions.

For the reasons stated above Jared Bruton should be granted

-8-

§2255 habeas relief.

## IV. IN CONCLUSION

In conclusion, Jared Bruton should be granted habeas relief for all of the reasons stated above in this motion.Bruton requests that this Honorable Court will Vacate,set-aside or Correct his Sentence Under §2255 to a term that is inconsitent of the career offender guideline enhancent in light of Descamps.


Respectfully submitted,

Jared Bruton
pro se


## CERTIFICATE OF SERVICE

This is to hereby certify that a true and correct copy of the same MEMORANDUM IN SUPPORT was placed in the U.S. Mail, postage pre-paid and served upon:  Sandra Hairston,ESQ.,AUSA,Post Office Box 1858,Greensboro,NC 27402.


s/ *Jared Bruton*
Jared Bruton
pro so
FCI  MCDOWELL
PO BOX 1009
WELCH,WV 24801


-9-